**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TOMMY HILLARD,**

    **Plaintiff,**

**v.**                                                    **CASE NO:**

**SHREE SAI, LLC d/b/a**
**QUALITY INN SARASOTA, and**
**MEGHDIV MANAGEMENT, LLC**
**d/b/a DAYS INN SARASOTA**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tommy Hillard, ("Plaintiff") by and through undersigned counsel, brings this action against Defendants, SHREE SAI, LLC d/b/a QUALITY INN and MEGHDIV MANAGEMENT, LLC d/b/a DAYS INN SARASOTA ("Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4. Plaintiff is a resident of Sarasota County, Florida.

5.    Defendants operate two hotels in Sarasota County, Florida.

**<u>GENERAL ALLEGATIONS</u>**

6.    Plaintiff has satisfied all conditions precedent, or they have been waived.

7.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.    Plaintiff requests a jury trial for all issues so triable.

9.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.  29 U.S.C. § 203(e).

10.    At all times material hereto, Plaintiff was engaged in the "production of goods" for commerce within the meaning of the FLSA, and as such was subject to the individual coverage of the FLSA.  29 U.S.C. §§ 206 and 207.

11.    Thus, Plaintiff is a non-exempt employee who is covered by the FLSA.

12.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

13.    At all times material hereto, Defendants were and continue to be an "employer[s]" within the meaning of the FLSA.  29 U.S.C. § 203(d).

14.    At all times material hereto, Defendants were and continue to be an "enterprise[s]" covered by the FLSA.  29 U.S.C. §§ 203(r) and 203(s).

15.    At all times relevant to this action, Defendants were engaged in "interstate commerce" within the meaning of the FLSA.  29 U.S.C. § 203(s).

16.    At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.  29 U.S.C. § 203(s).

17.    The Internal Revenue Service ("IRS") will be notified of this Complaint as the Internal Revenue Code requires.  Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall

provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## FACTS

18.     In or around February 2023, Plaintiff began working for Defendants as a Night Auditor, and he worked in this capacity until in or around September 2023.

19.     Defendants originally agreed to pay Plaintiff at the rate of thirteen dollars ($13.00) per hour.

20.     Eventually, one of the owners, Divyangkumar Patel ("Div Patel"), and Plaintiff created an additional agreement.

21.     Defendants were in need of additional help while the property underwent construction, and therefore agreed to pay Plaintiff to do other jobs outside of his normal role.

22.     Div Patel agreed to pay Plaintiff at a rate of fifteen dollars ($15.00) per hour for work including but not limited to: loading and unloading furniture; fixing the sprinklers within the hotel rooms; stripping hotel rooms for remodeling; and cleaning the dumpster area.

23.     Defendants did not pay Plaintiff for this additional work.

24.     Plaintiff's unpaid maintenance work constitutes "wages" under Florida common law, as well as under Florida Statutes. § 448.08., Fla. Stat.

25.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

26.     Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

27.     Defendants informed Plaintiff that it did not pay overtime and, instead, it paid a holiday bonus if you were still employed around the holiday season.

28.     Plaintiff worked overtime hours and complained about not being paid overtime.

29.     Plaintiff was then paid the overtime premium rate for some of his hours, but not all of his hours that he worked over forty (40) per work week.

30.     On one occasion, Plaintiff was missing sixteen (16) hours of overtime.

31.     Defendants would also not keep proper payroll records as the clock system was regularly in disrepair.

32.     Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA OVERTIME VIOLATION

33.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 16 and 18 through 32 of this Complaint, as though fully set forth herein.

34.     During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.  29 U.S.C. § 255(a).

36.     As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

4

a)      Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)      Judgment against Defendants stating that Defendant's violations of the FLSA were willful;

c)      An equal amount to Plaintiff's overtime damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorneys' fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

37.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 8 and 18 through 31 of this Complaint, as though fully set forth herein.

38.     During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

39.     Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including the maintenance work Plaintiff completed at a rate of fifteen dollars ($15.00) per hour.

40.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue, and that this Court take jurisdiction over the case;

c)      Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

d)      All costs and attorneys' fees incurred in prosecuting these claims, in accordance with § 448.08, Fla. Stat.; and

e)      For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of January 2024.

Respectfully submitted,

*/s/ Amanda Heystek*
**AMANDA HEYSTEK**
Florida Bar No: 0285020
**NIKOLE MILLER**
Florida Bar No: 1031826
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main: (813) 224-0431
Direct: (813) 379-2560
Facsimile: (813) 229-8712
Email: aheystek@wfclaw.com
Email: nmiller@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***

6