UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMMY HILLARD,

    Plaintiff,

v.

SHREE SAI, LLC, and
MEGHDIV MANAGEMENT, LLC

    Defendants.

CASE NO.: 8:25-cv-00253

## DEFENDANT SHREE SAI, LLC ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SHREE SAI, LLC ("Shree Sai"), responds to Plaintiff Tommy Hillard's ("Plaintiff") Complaint ("Plaintiff's Complaint") as follows:

## JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only. Shree Sai denies all remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. Admitted for jurisdictional purposes only. Shree Sai denies all remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Admitted for venue purposes only. Shree Sai denies all remaining allegations in paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Admitted for jurisdictional and venue purposes only. Shree Sai denies all remaining allegations in paragraph 4 of Plaintiff's Complaint.

5.    Denied.

## GENERAL ALLEGATIONS

6.    Admitted for jurisdictional purposes only. Shree Sai denies all remaining allegations in paragraph 6 of Plaintiff's Complaint.

7.    Shree Sai is without knowledge and, therefore, denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.    Denied.

9.    Denied.

10.    Admitted for jurisdictional purposes only. Shree Sai denies all remaining allegations in paragraph 10 of Plaintiff's Complaint.

11.    Admitted for jurisdictional purposes only. Shree Sai denies all remaining allegations in paragraph 11 of Plaintiff's Complaint.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

## FACTS

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

## COUNT I – FLSA OVERTIME

33.    Shree Sai realleges and incorporates its responses to paragraphs 1-16 and 18-32, above.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

37.     Shree Sai realleges and incorporates its responses to paragraphs 1-8 and 18-31, above.

38.     Denied.

39.     Denied.

40.     Denied.

## DEFENSES

In addition to the previous responses, Shree Sai generally denies liability for all claims alleged in Plaintiff's Complaint. Without admitting any wrongful conduct on its part and without conceding that Shree Sai bears the burden of proof as to any issue, Shree Sai asserts the following defenses and affirmative defenses to Plaintiff's Complaint. By designating these defenses, Shree Sai does not waive or limit any defenses that are or may be raised by the denials, allegations, and averments stated. These defenses are pled in the alternative, are raised to preserve the rights of Shree Sai to assert such defenses, and are without prejudice to Shree Sai's ability to raise additional defenses.

1.     Plaintiff has failed, in whole or in part, to state claims upon which relief can be granted.

2.     Shree Sai acted in good faith and with reasonable grounds for believing that its actions did not violate the Fair Labor Standards Act ("FLSA"). Therefore, Shree Sai should not be held liable for liquidated damages under the Act.

3.     To the extent FLSA violations did occur, which Shree Sai denies, any violations were not willful, and, therefore, the shorter two year statute of limitations should apply.

4.     Plaintiff has been fully and properly compensated for any and all services provided to Shree Sai and for any and all hours he worked, including all hours in excess of forty hours in a given workweek.

5.     Any amount allegedly due to Plaintiff should be set off by any extra or overpayments Plaintiff received from Shree Sai.

6.     Any overtime allegedly due to Plaintiff should be offset by premium payments Plaintiff received from Shree Sai.

7.     Plaintiff's claims are barred by the doctrines of waiver and estoppel. Plaintiff accepted each payment from Shree Sai as payment in full for services rendered and did not advise Shree Sai of any alleged underpayments. Further, Plaintiff reported the hours he worked each week, and failed to report the hours he now claims he worked and for which he claims he is due overtime.

8.     Plaintiff is estopped from recovering the claimed unpaid wages to the extent that he concealed his hours from Shree Sai.

9.     Plaintiff's claims are barred by his ratification of the calculation of his compensation.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, release, payment, settlement, accord and satisfaction, waiver and/or laches.

11.    Plaintiff and Shree Sai never had a meeting of the minds of sufficient certainty and definiteness to establish any contract or agreement for additional wages claimed.

12.    Shree Sai hereby gives notice that it intends to rely on such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this answer to assert such additional defenses.

WHEREFORE, having fully answered all Plaintiff's allegations, Shree Sai respectfully requests this Court enter judgment in its favor and against Plaintiff, award Shree Sai its costs associated with the defense of this case, award Shree Sai its attorneys' fees pursuant to Section 448.08, Florida Statutes, and all other relief the Court deems just and proper.

Respectfully submitted this 26th day of February, 2025.

/s/Jeffrey J. Wilcox
Jeffrey J. Wilcox*
Florida Bar No. 0071163
Carmen M. Cato
Florida Bar No. 1032609
HILL, WARD & HENDERSON, P.A.
Post Office Box 2231
Tampa, FL  33601
jeff.wilcox@hwhlaw.com
regina.bigness@hwhlaw.com
carmen.cato@hwhlaw.com
*Attorneys for Shree Sai, LLC*
*\* Denotes Lead Counsel*

20573286v1